IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY STILLS,

      Plaintiff,

v.   CIV 99-894 JC/KBM

JEFF SERNA, Classification Bureau Chief,
and DONNA M. MARTINEZ, Deputy Classification
Bureau Chief,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Motion To Dismiss *(Doc. 24)* filed by the two remaining defendants and a number of discovery-related motions. Having considered the arguments, pleadings, relevant law, and being otherwise fully advised, I find the dispositive motion well-taken and recommend that it be granted. The discovery motions will be resolved by separate order.

Because both Plaintiff and Defendants have submitted matters outside of the pleadings for review, I treat the motion to dismiss as a motion for summary judgment. See FED. R. CIV. P. 12(b). Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify

sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)).

I have carefully reviewed all of the pleadings submitted by the parties. Plaintiff Anthony Stills ("Stills") is serving a life sentence and has been moved many times in the past five years, both within the New Mexico prison system and to out-of-state correctional facilities. Affidavits submitted by the Defendants explain that New Mexico inmates have been moved to different facilities over the past several years due to bed space unavailability. Nowhere does Plaintiff allege that he was transferred for any other reason.

Plaintiff contends that defendants are responsible for injuries he received when he was stabbed by fellow inmates in the Torrance County Detention Facility in Estancia.[1] Stills asserts that by transferring him from the Central New Mexico Correction Facility (CNMCF), the defendants placed him in danger from his enemies. The Complaint, however, does not specifically identify any of these "enemies," nor do any of his exhibits which he contends put corrections officers on notice of the perceived danger.

According to the exhibits attached to his complaint, two days prior to the move he wrote to the Warden of CNMCF objecting the impending transfer and stating

> I've been threaten by other inmates at each place I've been, except here I feel safe. If I do end up being sent to Estancia, my life may be in danger and you being the warden may have to live with it.

Stills was nevertheless transferred on December 31, 1997 to the Torrance facility in Estancia. The fight with other inmates in Unit 7 occurred on February 4, 1998, at which time he was moved to administrative segregation.

---

[1] An earlier stabbing occurred in a Dallas County Jail in 1996.

Stills wrote Defendant Serna on April 27, 1998[2] stating that he had requested a transfer out of the Torrance facility on the day of the fight because of "wanta-be gangs members and those trying to prove themselves by sticken someone." This time, Stills asked that Serna place him at Western New Mexico Correctional Facility in Grants. A month later, Defendant Martinez responded to his transfer request, but notified him that he would instead be transferred back to CNMCF, the place he said he felt "safe" a few months earlier.

Evidently, the expected transfer to CNMCF never took place. Rather, Stills joined a large group of inmates transferred in July 1998 from the Torrance facility to the recently opened correctional facility in Hobbs. Stills then wrote a second letter to Defendant Serna asserting that the Hobbs facility housed his "enemies" from Torrance and from a previous placement in Arizona. He again requested transfer to CNMCF. Instead, Stills was placed at the newly-opened correctional facility in Santa Rosa, New Mexico.

In March 1999, Stills filed a grievance "asking for the sum of $50,00.00, for negligence, mental and physical state of mind and body scars" that he suffered in the February 1998 fight. Defendant Martinez responded by letter and indicated that

> the issues as written are not grievable and you did not follow the grievance procedure. You met the criteria to be housed at every facility you were place in. Incidents such as you describe are unforeseeable and unfortunate. I understand I probably did not provide you with any of the answers you may have been looking for, nonetheless I wish you luck in the future.

This suit followed in August 1999.

---

[2] The month of this letter is not mentioned, however the year (1998), the date (27th), and the day of the week (Monday) were identified. The Court takes judicial notice that the only Monday in 1998 that fell on the 27th was in April.

I find that the material facts are not in dispute. Defendant Martinez testified in her affidavit that although she routinely answers correspondence on behalf of the Department of Corrections, she was not involved in any of Plaintiff's transfers prior to 1999. Because there is no "affirmative link" demonstrating that Defendant Martinez participated in, acquiesced or caused any constitutional violation, she is entitled to summary judgment. *See Rizzo v. Good*, 423 U.S. 362 (1976).

Plaintiff concedes that he has no right to be housed in the prison of his choice. *See Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992) ("State and Federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."). An inmate's transfer to a different facility is permissible unless it is done for an prohibited reason, such as discrimination or in retaliation for exercise of a constitutional right. Stills does not allege that any of his transfers resulted from an improper motive by Defendants. Rather, he asserts that Defendants created the danger to his safety by negligently or with deliberate indifference placing him with enemy inmates.

To be held liable for a failure to protect, prison officials must know that Plaintiff faced a "substantial risk of serious harm" and disregarded that information. *E.g., Grimsley v. MacKay,* 93 F.3d 676, 680 (10th Cir. 1996); *see also generally Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Riddle v. Mondragon,* 83 F.3d 1197 (10th Cir. 1996). The allegations and record establish that neither the named Defendants nor the warden of CNMCF were aware that Plaintiff faced any substantial risk of serious harm. Stills' relies on his vague and conclusory "warning" to the CNMCF warden that his "life may be in danger" if transferred to Torrance. Yet Stills' letter gave officials no indication of any specific known danger at the Torrance facility.

4

Defendant Serna's affidavit testimony establishes that prior to any transfer, the inmate's enemy list is checked so that he is not placed with possible enemies. Caseworkers instruct inmates to update their enemies lists, and Stills' enemy list was checked on a regular basis as well as before any transfer. Although Stills, in his response brief, vaguely accuses defendants of placing him with "known and listed enemies," Plaintiff has failed to allege or to show that his stabbing injuries were caused by anyone named on his enemy list. Indeed, had Plaintiff found himself in danger at Torrance, he could have requested segregation. The record is devoid of any evidence that any such request took place before the fight.

In short, Plaintiff merely speculates that Defendants placed him in the presence of a known danger. He has failed to produce any evidence contradicting Defendants' affidavit testimony that they took reasonable steps to avoid placing Stills in danger from his enemies. Moreover, Plaintiff's non-specific allegations fail to warrant further discovery. Thus, Defendants are entitled to dismissal of this suit for the above reasons as well as those set forth by Defendants in their well-researched and thorough analysis in the memorandum in support of Defendants' motion. *See Doc. 25.*

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Defendants' Motion to Dismiss *(Doc. 24)* be converted to one for summary judgment on all remaining claims, and that it be GRANTED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day**

**period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

 

_____
UNITED STATES MAGISTRATE JUDGE